## Chapman Brackett *vs.* Clement J. Hayden *&* al.

If one have a lien on chattels for labor performed thereon, and deliver them up to the owner, without insisting on holding them as security, the lien is dissolved.

Where the plaintiff in proving a conversion of his property by the defendant, at the same time proves that the defendant said, that he acted under lawful authority, the burden of proof is on the defendant to show such authority.

Exceptions from the Court of Common Pleas, Whitman C. J, presiding.

Trespass against *Hayden* and one *Whitney*, for taking four thousand of clapboards. The clapboards were sawed out by *Whitney*, from logs belonging to the plaintiff. The plaintiff went to the mill, which was owned by a third person, where these with others belonging to different persons were, and asked *Whitney* which were his, the plaintiff's, clapboards. *Whitney* pointed out the clapboards in controversy, and told the plaintiff those were his, and the plaintiff cross-piled them without objection or claim set up to them by *Whitney*. Afterwards the clapboards were taken away by *Whitney*. Some of the witnesses called by the plaintiff stated, that in a different conversation, when the plaintiff was not present, *Whitney* said that he sawed the clapboards from the plaintiff's logs, and wanted his pay, and that there were enough to pay him. The same witnesses also stated, that *Hayden* said he was about selling some clapboards, which he had taken for taxes as the property of the plaintiff; that the clapboards were sold at auction by *Hayden*,

who claimed to act as collector of taxes, and to sell them to satisfy a tax against the plaintiff. One of these witnesses said, that he laid off the clapboards at the request of *Whitney,* and bid for him the amount of the taxes, and of a bill *Whitney* claimed to have against the plaintiff; and that *Hayden* sold the clapboards subject to a claim which *Whitney* had upon them for a debt against the plaintiff. The defendant proved, that the owner of the mill gave him permission to pile lumber in the mill-yard.

Hereupon the defendants contended, that inasmuch as the plaintiff had voluntarily introduced evidence, that *Hayden* had sold the clapboards as a collector of taxes against the plaintiff, the presumption of law was, that the sale was a legal one. The Judge did not thus rule, but instructed the jury, that it was necessary for the defendants to prove the regularity of the proceedings in relation to the assessment and collection of the tax, if any there had been. The defendants then contended, that as *Whitney* had sawed these clapboards from the plaintiff's logs, he held a lien upon them until his bill for sawing was paid or tendered, unless he had voluntarily given it up; and that whether he had, or had not, thus given up his lien, was a question of fact to be determined by the jury. The Judge ruled, that upon the facts proved in this case, *Whitney* had no such lien, and that this was a question for the Court, and not for the jury, as there were no facts in dispute on that point. The verdict was for the plaintiff, and the defendants filed exceptions.

The case was argued in writing.

*Codman & Fox,* for the defendants, argued in support of the propositions contended for by them at the trial in the Court of Common Pleas; and cited 2 *Car. & P.* 152; 5 *M. & Selw.* 180; *Townsend* v. *Newell,* 14 *Pick.* 332; 11 *Wend.* 77; 4 *Wend.* 292; 1 *Stark. Ev.* 417; 2 *Stark. Ev.* 739; *Sanford* v. *Emery,* 2 *Greenl.* 5; 3 *Johns. R.* 431; 4 *T. R.* 366.

*Eastman,* for the plaintiff, argued in support of the ruling of the Judge. It is of no importance to inquire, whether *Whitney* had, or had not a lien on the clapboards for the sawing, because if the lien ever existed, it was given up. The actual or constructive delivery of the property to the owner, or purchaser, discharges the right of lien in all cases. *Parks* v. *Hall,* 2 *Pick.* 206; 3 *T. R.*

119; 1 *East,* 4; 2 *East,* 523; 10 *East,* 378; 2 *H. Bl.* 504; 1 *New Rep.* 69. If there had been a lien, and the property had not been given up, still *Whitney* for that cause had no right to convert the whole property to his own use. 2 *Roll. Abr.* 85 *(a) pl.* 5; 8 *Mod.* 172; 1 *Strange,* 556; 5 *M. & Selw.* 185. The plaintiff in proving the conversion of his property by *Hayden* proves also, that he pretended he was acting under an authority given by law, and *Hayden* relies on his own mere pretence, as a justification for taking the plaintiff's property. The doctrine seems to be, the pretence of right gives right.

After a continuance for advisement, the opinion of the Court was drawn up by

Weston C. J.— If the defendant, *Whitney,* had a lien, for the labor he had bestowed upon the clapboards in controversy, if he had not otherwise been paid, he might deliver them to the plaintiff without insisting upon the continuance of that security. If this was done, the lien would be dissolved. And this was done. The clapboards were pointed out by *Whitney,* to the plaintiff, and he took possession of them, and removed them, with the knowledge and assent of *Whitney.* This was a sufficient delivery, to vest the entire property in the plaintiff. If *Whitney* would have reserved his lien, if it existed, he should have told the plaintiff, that he might cross pile them, for the purpose of seasoning, but that he must retain the possession, until his claim was discharged. But he surrendered the clapboards to the control of the plaintiff, without any such intimation.

Title in the plaintiff being established, the burden of proof was thrown upon the defendants, to show affirmatively in *Whitney* a new title, under the collector's sale. Of this there was no evidence whatever, except what was mere assumption, under the defendant, *Hayden.* This was clearly insufficient, and so the Judge instructed the jury.

*Exceptions overruled.*